**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

            Plaintiff,

       v.

Antonio Howard, *et al.*,

            Defendants.

Case No.  1:12cr95-4

Judge Michael R. Barrett

## <u>ORDER</u>

This matter is before the Court upon Petitioner Tiffany Jones' Motion for a Hearing.  (Doc. 351).  Also pending before the Court are Petitioner's Petition to Adjudicate the Validity of Legal Interest in Property (Doc. 217); Petitioner's Motions for Return of Property (Docs. 224, 316); and the Government's Motion for Summary Judgment (Doc. 322).  Petitioner filed a Response in Opposition to the Government's Motion for Summary Judgment (Doc. 232) and the Government filed a Reply (Doc. 327).

## I. <u>BACKGROUND</u>

Petitioner claims ownership of $4,980.00 which was seized by agents during the arrest of Defendant Antonio Howard on August 30, 2012.  Petitioner was travelling with Howard at the time he was pulled over and arrested.  Howard consented to the search of the pickup truck he was driving.  Agents found the $4,980.00 in a suitcase in the rear of the truck.  As part of his plea agreement, Howard stated that the currency was "obtained through the distribution of illegal narcotics by him and other members of the conspiracy" and agreed to forfeit the $4,980.00 to the United States.  (Doc. 156).  This

Court entered a preliminary order of forfeiture on August 28, 2013. (Doc. 209). Petitioner filed a petition claiming ownership of the $4,980.00. (Doc. 224). Petitioner's deposition was taken and filed in the record. (Doc. 321).

## II. ANALYSIS

### A. Procedural standards

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853. Any third-party claiming a legal interest in property which has been ordered forfeited to the United States may "petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853 (n)(2). The petitioner has the burden to prove by the preponderance of the evidence either:

> 1) that she has a right, title, or interest that was either vested in her rather than the defendant, or was superior to that of the defendant at the time of the acts giving rise to the forfeiture; or 2) that she is a bona fide purchaser for value of the property and "was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under" the statute.

*United States v. Warshak*, No. 09-3321, 2011 WL 2450991, at *1 (6th Cir. Mar. 30, 2011) (citing *United States v. Salti*, 579 F.3d 656, 661-62 (6th Cir. 2009) (quoting 21 U.S.C. § 853(n)(6)).

Federal Rule of Criminal Procedure 32.2 sets forth the procedures to be used in this "ancillary proceeding." When a third party files a petition in a criminal forfeiture proceeding, Rule 32.2 provides that a court may dismiss the petition for lack of standing or for failure to state a claim; may allow discovery; and may consider motions for summary judgment. Fed.R.Crim.P. 32.2(c). When deciding a motion for summary judgment, the Advisory Committee notes to Rule 32.2 explain that the Federal Rules of

Civil Procedure apply. *United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009) (citing Fed.R.Crim.P. 32.2(c) advisory committee's note).

Federal Rule of Civil Procedure 56 provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

The Government argues it is entitled to summary judgment on two grounds: (1) Petitioner lacks Article III standing and statutory standing; and (2) Petitioner cannot establish a pre-existing interest in drug proceeds.

Petitioner seeks a hearing on this matter. However, the court need not conduct a hearing if it grants a motion for summary judgment regarding the interests asserted in forfeited property. *See United States v. Satava*, 99 F. Supp. 3d 761, 764 (N.D. Ohio 2015) (citing Fed.R.Crim.P. 32.2(c)(1)(B)); *see also United States v. Coffman*, 612 F. App'x 278, 290 (6th Cir.), *cert. denied*, 136 S. Ct. 491, 193 L. Ed. 2d 351 (2015) (ancillary hearing scheduled after motions for summary judgment were rejected). In addition, an evidentiary hearing on the issue of standing is necessary only where there are disputed factual issues and witness credibility determination to be resolved. *See United States v. $677,660.00 in U.S. Currency*, 513 F. App'x 531, 532–33 (6th Cir. 2013) (citing *United States v. 1998 BMW "I" Convertible Vin No. WBABJ8324WEM 20855*, 235 F.3d 397, 400 (8th Cir. 2000) (collecting cases)).

## B.  Standing

To contest a governmental forfeiture action, a petitioner must have statutory and Article III standing.  *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998) (citing *United States v. Currency $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990)).

The statutory standing requirements are found in 21 U.S.C § 853(n)(2), which provides that "any person other than the defendant, asserting a legal interest in property which has been ordered forfeited . . . may, within thirty days of the final publication of notice or his receipt of notice under [§ 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2).  Petitioner has satisfied these requirements because she is (1) not the defendant, (2) asserts a legal interest in property that has been ordered forfeited, and (3) did so within thirty days of the final publication or receipt of notice.

With regard to Article III standing, the Sixth Circuit has explained that:

> a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property.  Article III's standing requirement is thereby satisfied because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property.  A claimant need not prove the merits of his underlying claim, but he must claim a facially colorable interest in the seized property.

*United States v. $515,060.42 in U.S. Currency*, 152 F.3d at 497-98 (citations omitted). However, the Sixth Circuit has also explained that "naked possession" claims are insufficient to establish Article III standing.  *Id.* at 498.  Instead, "[t]he assertion of simple physical possession of property as a basis for standing must be accompanied by factual allegations regarding how the claimant came to possess the property, the nature of the

4

claimant's relationship to the property, and/or the story behind the claimant's control of the property." *Id.* In addition, the Sixth Circuit explained that the petitioner has the burden of demonstrating standing. *Id.*

Finally, "[c]ourts have repeatedly cautioned against confusing the constitutional standing inquiry with the determination on the merits of the forfeiture action." *De Saro v. United States*, 173 F. App'x 760, 764 (11th Cir. 2006) (collecting cases) (noting that the "constitutional standing requirements are forgiving, and any colorable claim on the property generally suffices."); *see also United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (explaining that § 853(n)(2) requires an initial showing of a "legal interest" to obtain an ancillary hearing and § 853(n)(6) requires a showing of a "superior legal interest" to prevail at the hearing). Accordingly, this Court must keep the constitutional standing inquiry and the determination on the merits of the forfeiture action as separate inquiries.

Here, Petitioner has presented a facially colorable interest in the seized property. Petitioner made sufficient factual allegations regarding how she came to possess the $4,980.00. Petitioner explains that the source of the seized currency is rental income, child support and wages. Petitioner has provided bank records to support this claim. (See Doc. 316-2). Petitioner explains that the money has been saved over time and was not from a bank withdraw she made that day. Petitioner states that she has a practice of keeping cash stored in her purse or in a closet in her house. (Doc. 321, Tiffany Jones Dep. at 81, 121). Petitioner maintains that the seized currency was in her suitcase. However, the Government contends that Howard's clothing and other items were found in the suitcase. Petitioner does not dispute that Howard's clothing was in

the suitcase, but explains that her clothing was packed along with Howard's, and the suitcase itself belonged to Petitioner. Such constructive possession has been found to be constitutionally sufficient to confer standing. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d at 500-501 (citing *United States v. $260,242.00 U.S. Currency*, 919 F.2d 686, 687 (11th Cir. 1990) (recognizing a claimant's standing where the government acknowledged seizing the defendant funds from the trunk of the claimant's automobile)). Moreover, the Sixth Circuit has found that standing exists where there is an assertion of ownership coupled with an admission by the government that the claimant has a relationship to the seized property. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d at 499-500 (citing *United States v. Blair*, 843 F.2d 1388 (4th Cir.1988) (finding that claimant demonstrated facially colorable ownership interest in seized property where property seized from wife's home and government did not dispute that house was claimant's residence as well)). Here, the Government filed the declarations of James Whitehouse and Jason Owens (Docs. 322-1, 322-2), who were Task Force Agents for the Drug Enforcement Administration present during Howard's arrest. Whitehouse and Owens state that Howard and Jones left their house together and Jones was travelling with Howard in his truck before his arrest. Therefore, the Government does not dispute that Petitioner had some involvement with the $4,980.00 seized from the truck.

The Government points out that in his signed plea agreement, Howard admitted that the $4,980.00 was "obtained through the distribution of illegal narcotics by him and other members of the conspiracy." (See Doc. 156, PAGEID # 603). However, this Court has concluded that "confining a third party to the facts as determined by another's

guilty plea when that third party is statutorily prohibited from participating in the [criminal forfeiture] proceeding, *see* 21 U.S.C. § 853(k)(2), flies in the face of logic as well as basic due process." *United States v. Farley*, 919 F. Supp. 276, 278 (S.D. Ohio 1996). Therefore, this Court concludes that Petitioner has standing to contest the forfeiture of the $4,980.00 in currency.

### C. <u>Property Interest</u>

Petitioner can only prevail on the merits by satisfying one of the provisions under 21 U.S.C. § 853(n)(6). Petitioner relies on Section 853(n)(6)(A), which provides:

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section

21 U.S.C. § 853. In determining the nature of the property interest claimed by a third party in forfeiture proceedings under 21 U.S.C. § 853(n), courts refer to state law. *United States v. 2525 Leroy Lane*, 910 F.2d 343, 349 (6th Cir. 1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991). "Once the legal interests have been defined under state law, however, federal law determines whether they are sufficient for the third-party petitioner to prevail under § 853(n)(6)." *United States v. Buk*, 314 F. App'x 565, 568–69 (4th Cir. 2009) (citing *United States v. Lester*, 85 F.3d 1409, 1413 (9th Cir. 1996)).

Petitioner has presented evidence that she had a legal right to the $4,980.00 found in a suitcase in the rear of the truck. Petitioner has submitted a declaration from Howard made under the penalty of perjury that he never claimed that the money or the luggage found in the bed of the truck belonged to him. (Doc. 323-3). In addition,

Petitioner stated in her deposition that the source of the money was primarily from a $25,000.00 promissory note and income from her rental properties. (Doc. 321, Jones Dep. at 8). Petitioner explained that these payments would be in cash and did not go through the bank. (Id. at 42-43, 91).

In addition, Petitioner has shown that she had sources of legitimate income. While the Government raises questions as to whether these sources were substantial enough to produce any income, Petitioner has presented sufficient evidence to defeat the Government's summary judgment motion. Petitioner's checking account statement from the period from June 23, 2012 through July 24, 2012 shows deposits totaling $12,181.12, and an ending balance of $2,875.86. (Doc. 316-1, PAGEID #1150, 1151). Petitioner's checking account statement from the period from July 25, 2012 through August 22, 2012 shows deposits totaling $12,433.34, and an ending balance of $589.85. (Doc. 316-1, PAGEID #1141, 1142). Petitioner's checking account statement from the period from August 23, 2012 to September 25, 2012 shows deposits totaling $14,268.88 and an ending balance of $3,911.42. (Doc. 316-1, PAGEID #1134). Moreover, the amount of currency is not so unusually large that it serves as strong evidence of a connection to Howard's illegal activity. *See United States v. $99,990.00 in U.S. Currency*, 69 F. App'x 757, 763 (6th Cir. 2003) (noting that "[f]ifteen to twenty thousand dollars is hardly enough cash, standing alone, to justify more than a suspicion of illegal activity"). Because there is a genuine dispute as to whether the petitioner has a legal right, title, or interest in the $4,980.00, the Court concludes that the Government is not entitled to summary judgment.

The Court will hold a hearing pursuant to 21 U.S.C. § 853 (n)(2) in order to rule upon Petitioner's Petition to Adjudicate the Validity of Legal Interest in Property (Doc. 217) and Petitioner's Motions for Return of Property (Docs. 224, 316).

## III. <u>CONCLUSION</u>

Based on the foregoing, it is hereby **ORDERED** that:

1. Government's Motion for Summary Judgment (Doc. 322) is **DENIED**;

2. Petitioner Tiffany Jones' Motion for a Hearing (Doc. 351) is **GRANTED**; and

3. This matter is set for a scheduling conference on **July 25, 2017 at 1:00 PM** by teleconference: the parties shall initiate contact with the Court five minutes prior to 1:00 PM by calling 513-564-7660.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT
